## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| **JERRY ELLIOTT** § | |
| **PLAINTIFF** § | |
| § | |
| **VS.** § | **CAUSE NO.**_____ |
| § | |
| **TURNER INDUSTRIES** § | |
| **GROUP, LLC** § | |
| **DEFENDANT** § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

#### A. PARTIES

1. Plaintiff Jerry Elliott (hereinafter sometimes either "Plaintiff" or "Elliott") is a citizen of the State of Texas, residing in Gladewater, Smith County, Texas.

2. Defendant Turner Industries Group, LLC (hereinafter either "Turner" or Defendant Turner") is a foreign business organization, authorized to and doing business in Texas. Defendant is a Louisiana limited liability company, having its principal place of business in Baton Rouge, Louisiana. It may be served by serving its registered agent in Texas, to-wit: CT Corporation Systems, 1121 Main Street, Suite1150, Houston, Texas 77002 in conformance with the Federal Rules of Civil Procedure.

#### B. JURISDICTION

3. This Court has jurisdiction of the matters in controversy pursuant to 28 U.S.C. §21343(a), and §1337, United States Code. This is a suit in equity and at law authorized and instituted pursuant to 42 U.S.C. §1981 and §1981a, and it seeks declaratory relief pursuant to 28 U.S.C. §§2201, 2202.

### C. VENUE

4. Venue is proper in this district under 42 U.S.C. §2000e-5(f)(3) because plaintiff would have worked in this district but for the alleged unlawful employment practice.

### D. EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. Plaintiff timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission (EEOC). Plaintiff files this complaint within 90-days after receiving a notice of the right to sue from the EEOC. A copy of the notice of the right to sue is attached as Exhibit A.

### E. DISCRIMINIATION UNDER TITLE VII and 29 U.S.C. §§ 621, *ET SEQ.*

6. Plaintiff is an employee within the meaning of Title VII and 29 U.S.C. §§ 621-631, belongs to a class protected under the statute, namely within the year preceding and of the year of the events giving rise to this complaint, Plaintiff was over the age of 40 years..

7. Defendant is an employer within the meaning of Title VII, is engaged in an industry affecting commerce, and has 20 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

8. Name of Defendant's employees, Daryl Couch Mark Henry, Plaintiff's co-worker/supervisor, is/was employed by defendant as a construction supervisor.

9. Defendant's employees Daryl Couch and Mark Henry, Plaintiff's supervisors were empowered by defendant to take tangible employment actions against plaintiff, to-wit to hire and fire employees.

10. Defendant intentionally discriminated against plaintiff because of his age in violation of Title VII and the prescriptions of 29 U.S.C. §623(1) by employment termination discriminatory treatment. And

11. Defendant used the following discriminatory employment practices, policies, and rules in violation of Title VII and the ADEA act::to-wit:  threats of homosexual assault; age related disparagement and intimidation . Although these practices, policies, and rules appear to be neutral, they serve to discriminate against a disproportionate number of persons of plaintiff's age.

12. Numerous employees of Defendant, to-wit: Robert Vonderau, Mark Henry, Randy, (last name presently unknown, civil engineering supervisor, ) and Bobby Fletcher and others created a hostile work environment through their discriminatory words and action towards plaintiff because of plaintiff's sex.  This conduct was so severe that it altered the terms and conditions of plaintiff's employment and interfered with plaintiff's work performance/created an intimidating, hostile, and offensive work environment.

13. Defendant is directly liable because it was negligent in discovering/remedying the discriminatory conduct.  Further, immediately after receiving notice of some of the discriminatory conduct, Plaintiff was terminated from his employment.

14. Defendant is strictly liable for Daryl Couch's discriminatory conduct because Couch took a tangible employment action against plaintiff that significantly changed plaintiff's employment status. Within one day after Plaintiff notified Daryl Couch of the discriminatory acts of several co-workers, Plaintiff was fired.

15. Defendant is vicariously liable for Daryl Couch's discriminatory conduct. In terminating Plaintiff's employment, as described above,  Defendant did not exercise reasonable care to prevent and promptly correct the discriminatory conduct, even though plaintiff took advantage of defendant's measures designed to prevent and correct discriminatory conduct.

F. DAMAGES

16. As a direct and proximate result of defendant's conduct, plaintiff suffered the following injuries and damages:

   a. Plaintiff was terminated resulting in lost pay and benefits

   b. Plaintiff was discharged from employment with defendant. Although plaintiff has diligently sought other employment, he has been unable to either find a job or find a job at comparable pay. In addition, plaintiff has incurred expenses in seeking other employment. (Insert if applicable, and has had to pay for medical treatment that otherwise would have been covered by the health benefits plan offered by defendant).

   d. Plaintiff suffered loss of his pension or retirement benefits.

   e. Plaintiff seeks compensation for all lost wages and benefits, including loss of Social Security benefits. Reinstatement of plaintiff in his previous position is impractical and unworkable. Therefore, plaintiff seeks an award of front pay and retirement benefits to compensate him

   f. Plaintiff suffered mental anguish and emotional distress in the form of loss of sleep, anxiety attacks, depression.

## G. ATTORNEY FEES AND COSTS

17. Plaintiff is entitled to an award of attorney fees and costs under Title VII, 42 U.S.C. §2000e-5(k).

## H. PRAYER

18. For these reasons, plaintiff asks for judgment against defendant for the following:

   a. List each type of relief sought; e.g. injunction to stop unlawful employment practice, affirmative action to hire, reinstate, or promote plaintiff; back pay; front pay; compensatory damages, $150,000.00

b.  Mental Anguish damages of $1,000,000.00

c.  Punitive Damages of $1,000,000.00.

c.  Prejudgment interest on lost wages and benefits and post judgment interest on all sums, including attorney fees.

d.  Reasonable attorney fees., as determined by the trier of fact;

e.  Costs of suit.

f.  All other relief the Court deems appropriate.

## I.

## JURY DEMAND

Plaintiff demands a trial by jury.

Respectfully submitted,

/s/ William J. Gardner

_____

William J. Gardner, Attorney at Law
State Bar #07661000
William J. Gardner, P.C.
1508 W Fairmont, Suite D
Longview, Texas 75604-1400
P. O. Box 1746
Longview, Texas 75606-1746
Tel: (903) 236-7900; Fax: 236-3367
Email address: wjg@wjg-law.com

ATTORNEY FOR PLAINTIFF,
JERRY ELLIOTT

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

To: Jerry D. Elliott
21952 Cr 366
Gladewater, TX 75647

From: Dallas District Office
207 S. Houston St.
3rd Floor
Dallas, TX 75202

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 846-2017-34443 | Juan F. Munoz, Intake Supervisor | (972) 918-3607 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

for _[signature]_   08/26/2020

Enclosures(s)

Belinda F. McCallister,
District Director

*(Date Mailed)*

cc:  Max C. Marx
Assistant General Counsel
Turner Industries Group, L.L.C.
8687 United Plaza Boulevard
Baton Rouge, LA 70809

Exhibit "A"   Page 1 of 2

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 846-2017-34443 |

Texas Workforce Commission Civil Rights Division and EEOC
*State or local Agency, if any*

## II. Response Given for Adverse Action Taken by Respondent

I was told by my Supervisor, Mark Henry that they were just kidding.
I was not given a valid reason for my termination. I believe that I was terminated in retaliation because I told them that I would file a sexual harassment complaint.

## III. Discrimination Statement

I believe that I have been discriminated against because of my sex (male), race (white), in violation of Title VII of the Civil Rights Act of 1964, as amended. I also believed that I was retaliated.
I believe that I have been discriminated against because of my age, (71), in violation of the Age Discrimination in Employment Act of 1967.

---

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

7/29/2020   *James Elliott*
Date        Charging Party Signature

NOTARY – *When necessary for State and Local Agency Requirements*

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)