# IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| **JERRY ELLIOTT** | § | CIVIL ACTION NO. 2:20-CV-367 |
| | § § § | |
| VS. | § § § | JUDGE: ROBERT W. SCHROEDER, III |
| **TURNER INDUSTRIES GROUP, LLC** | § § § | MAGISTRATE: ROY S. PAYNE |

## DEFENDANT'S RESPONSE TO
## PLAINTIFF'S PRELIMINARY REPLY AND MOTION TO EXTEND TIME TO REPLY TO DEFENDANT'S MOTION TO DISMISS

**NOW INTO COURT**, through undersigned counsel, comes Turner Industries Group, LLC ("Defendant" or "Turner"), in further support of its Motion to Dismiss With Prejudice (the "Motion") (Doc. 11) and responds to Plaintiff's Preliminary Reply and Motion to Extend Time to Reply (the "Plaintiff's Reply") (Doc. 12). Defendant submits this Response to Plaintiff's Reply to promptly address the contentions in Plaintiff's Reply; however, Defendant expressly reserves the right to respond to any further submissions Plaintiff may file in opposition to the Motion or in connection with this Response.

First, Defendant denies Plaintiff's contention that it in any way agreed to "contact Plaintiff to arrange for an agreed arbitration proceeding." (Doc. 12, p. 1). This allegation is counter to the statement in Joint Motion to Stay Proceedings and to Proceed with Arbitration (the "Joint Motion") filed by both parties with this Court, which expressly provides that "***Plaintiff shall*** initiate arbitration within 120 days of this Court's Order staying the proceeding and referring the case to arbitration." (Doc. 9) (emphasis added). Defendant only agreed to participate in arbitration and defend against Plaintiff's claims pursuant to the Turner Dispute Resolution Agreement (the

1

"DRA") between the parties. Plaintiff's contention that Defendant was somehow responsible for arranging to effectively file an arbitration against itself is illogical and completely unfounded. Most importantly, Plaintiff's unfounded allegation does not justify his failure to even contact counsel for Defendant for over six (6) months after the Court stayed the case and ordered that "***Plaintiff*** is directed to initiate arbitration without unnecessary delay" (the "Compel Order") (*See* R. Doc. 10). Furthermore, this contention cannot cure Plaintiff's failure to initiate arbitration under the terms of the DRA, which expressly required Plaintiff to file his arbitration within 120 days of the Compel Order pursuant to the express terms of the DRA.[1] (Doc. 9-1). Without question, the onus for pursuing his claims in arbitration was on Plaintiff and no one else, certainly not Defendant.

Further, Plaintiff's suggestion that Defendant failed to confer under the applicable rules regarding its Motion is similarly unfounded. Defendant had no obligation to confer pursuant to Local Rule 7 prior to filing the Motion. As the Court is no doubt aware, Rule 7(i)(1) expressly excludes a motion to dismiss from the "meet and confer" and "certificate of conference" requirements referenced in Plaintiff's Reply.

Regarding Plaintiff's request for an extension of time to respond, Defendant demurs and urges the Court to deny any extension of time and rule on the Motion. This extension request is yet another example of Plaintiff's lack of diligence in prosecuting his claim and clear record of delay. *See* Fed. R. Civ. P. 41(b). First, while holidays can compress deadlines, Plaintiff's plea for additional time due to the Thanksgiving holiday is unavailing and alone does not justify his request

---

[1] The DRA provides, in part: *"If an Employee or the Company files a lawsuit in court rather than a demand for arbitration under the DRA within the time allowed by applicable law for the filing of a lawsuit, and thereafter is ordered by the court to submit the dispute to arbitration in accordance with this DRA, the Employee/Company must initiate arbitration within 120 days of the date the court's order becomes final, unless the court sets a longer or shorter deadline. Failure to file the arbitration demand within the requisite time period will bar the claim."* (Doc. 9-1, p. 3).

2

for extension of another ten (10) days beyond the fourteen (14) days originally afforded under this Court's Local Rules. Notably, in seeking additional time, Plaintiff failed to comply with the very "meet and confer" requirements under Rule 7 that he incorrectly suggested Defendant failed to follow. As a result, Defendant was denied an opportunity to address the reasonableness of his request or alternatives thereto.

Furthermore, as more fully explained in the Motion, Plaintiff's penchant for delay is well established and this request only affirms the same. Plaintiff filed this lawsuit and then waited five (5) months before serving the citation. Then, after the Compel Order was entered on May 21, 2021, <u>Plaintiff failed to take any step in the prosecution of his claims for over six (6) months</u>. In fact, Plaintiff's counsel never even contacted Defendant's counsel regarding pursuing arbitration in accordance with the Compel Order. These ongoing delays in this case continue to severely prejudice Defendant, and Plaintiff's requested extension of time will only serve to further delay resolution of this dispute and increase costs. Accordingly, Plaintiff should not be afforded additional time under these circumstances. However, should the Court allow Plaintiff additional time to file a further response to Defendant's Motion, Defendant reserves the right to file a Reply as necessary to address any new arguments set forth therein.

WHEREFORE, for all of the foregoing reasons and the reasons set forth in Defendant's Motion, Defendant respectfully moves this Honorable Court for an Order denying Plaintiff's request for an extension of time, dismissing Plaintiff's claims with prejudice for failure to prosecute, and granting all costs, attorneys' fees, and further relief as the Court deems appropriate.

4866-4962-4581

Respectfully submitted,

**BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC**

*/s/ Melissa Vest*
MELISSA VEST
State Bar of Texas: 24096002
1301 McKinney, Suite 3700
Houston, Texas 77010
Telephone: (713) 210-9000
Facsimile: (225) 381-7008
Email: mvest@bakerdonelson.com

**ATTORNEYS FOR DEFENDANT
TURNER INDUSTRIES GROUP, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served upon all counsel of record via ECF electronic service, pursuant to the Federal Rules of Civil Procedure on December 10, 2021.

*/s/ Melissa Vest*
Melissa Vest

4866-4962-4581