IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| JERRY ELLIOTT,<br>    *Plaintiff*, | §<br>§<br>§ |
| v. | §   Case No. 2:20-cv-00367-RWS-RSP<br>§ |
| TURNER INDUSTRIES GROUP, LLC,<br>    *Defendant*. | §<br>§<br>§ |

## REPORT AND RECOMMENDATION

Before the Court Defendant Turner Industries Group, L.L.C. moves to dismiss with prejudice Plaintiff Jerry Elliott's claims for want of prosecution, pursuant to Federal Rule of Civil Procedure 41. For the following reasons, the motion should be **GRANTED**.

On May 20, 2021, the parties filed a joint motion to stay proceedings and to proceed with arbitration, wherein Elliott agreed to, and represented to the Court that he would, initiate arbitration pursuant to the Dispute Resolution Agreement ("DRA") within 120 days of an order staying proceedings and referring the case to arbitration. Dkt. No. 9. The Court ordered a stay pursuant to the joint motion with additional instruction for Elliott to initiate arbitration without unnecessary delay. Dkt. No. 10. Turner filed the instant motion on November 23, 2021, more than 180 days after the order granting the joint motion to stay, claiming Elliott has yet to initiate arbitration. Dkt. No. 11.

Elliott filed a preliminary reply and motion to extend time to reply on December 6, 2021, Dkt. No. 12, to which Turner responded and objected on December 10, 2021, Dkt. No. 13. Elliott subsequently filed a final reply on December 17, 2021, Dkt. No. 14, and Turner a sur-reply on December 22, 2021. Elliott's final reply represented that counsel was under the impression Turner would facilitate arbitration. Counsel also claimed that the 120-day period to initiate arbitration was never a limitation on Elliott in this case. However, both of these claims

are refuted by the joint motion. Dkt. No. 9. This Court's order clearly placed the burden of initiation on Elliott. Nonetheless, as of the final reply submitted December 17, 2021, Elliott's "counsel recognize[d] that he will be required to unilaterally file for arbitration, without cooperation from defense counsel." Dkt. No. 14 p 4. The DRA (Dkt. No. 9-1) clearly sets out on the first page how to find the AAA Employment Arbitration Rules online, and they clearly do not require designation of an arbitrator by Defendant before initiation of the arbitration.

Elliott's counsel has yet to file for arbitration as evidenced by a joint status report filed May 20, 2022. Dkt. No. 18. Elliott's counsel claims he is involved in a complicated criminal matter. Counsel's obligations to other clients do not excuse Elliott's obligation to follow the Court's orders and the contractual obligations under the DRA. Accordingly, Turner's motion to dismiss for want of prosecution should be granted.

For the reasons stated above, **IT IS RECOMMENDED** that the motion to dismiss for failure to prosecute, Dkt. No. 11, should be **GRANTED** dismissing Elliott's claims against Turner **WITH PREJUDICE**.

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this report **within 14 days** bars that party from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Fed. R. Civ. P. 72(b)(2); *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc). Any objection to this Report and Recommendation must be filed in ECF under the event "Objection to Report and Recommendations [cv, respoth]" or it may not be considered by the District Judge.

**SIGNED this 6th day of June, 2022.**

                                                      ROY S. PAYNE
                                                      UNITED STATES MAGISTRATE JUDGE